UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL COLEMAN,

    Petitioner,

v.                                                                 Case No. 2:09-cv-93
                                                                        HON. GORDON J. QUIST

JEFFREY WOODS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Samuel Coleman filed this petition for writ of habeas corpus challenging the Michigan Department of Corrections policy of taking away good time credits when a prisoner is convicted of a misconduct. Petitioner was convicted of assault with intent to murder and first degree criminal sexual conduct. Petitioner is currently serving a sentence of 27 to 54 years for his conviction of assault with intent to murder. Petitioner's one to three year sentence for first degree criminal sexual conduct was discharged in 1982. Petitioner asserts that the good time credits taken from him has extended his maximum release date in violation of his due process rights and in violation of Michigan law. Petitioner first raised these claims in the state trial court. His claims were denied. The Michigan Court of Appeals denied petitioner's claims. Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. Petitioner's earliest release date was July 1, 2003. Petitioner's maximum discharge date is currently July 22, 2013. The respondent has filed an answer and has complied with Rule 5

of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

> Petitioner maintains that:
>
> Petitioner has lost years of statutorily allowed good time from his maximum sentence as well as been denied parole based on the MDOC's admittedly sub par due process misconduct hearings which violates his state and federal constitutional rights of the 5th and 14th amendment and is entitled to restoration of his good time credits which will discharge him from the MDOC.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

    The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

To the extent petitioner alleges that violations of Michigan law denied him good time credit, petitioner's claims must fail in this proceeding. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).

Petitioner generally asserts that he was denied due process during his disciplinary hearings that resulted in guilty findings and ultimately caused him to lose good time credits. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his disciplinary hearings.

Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445

(1985). Petitioner does not maintain that he did not receive the procedural requirements set forth in *Wolff v. McDonnell*. Petitioner has failed to show that his constitutional rights were denied during any specific disciplinary hearing.

Petitioner relies upon *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000), and *Heit v. Van Octen*, 126 F.Supp.2d 487 (W.D. Mich. 2001). *Perry* involved a former hearing officer who sued because of alleged employment discrimination. *Perry*, 209 F.3d at 600. That hearing officer alleged that he was disciplined because his not-guilty findings were higher than average for a hearing officer in the MDOC. *Id*. The Sixth Circuit in *Perry* merely reversed and remanded a 12(b)(6) motion that was granted in the district court. *Id.* at 607-608. The Sixth Circuit did not state that the MDOC prisoner disciplinary hearing system had a quota, nor did it say that the system violated prisoners' due process rights. *Id*. The second case cited by Petitioner, *Heit v. VanOcten*, confirmed the true meaning of *Perry*. *Heit*, 126 F.Supp.2d at 488. *Heit* involved a class action lawsuit by inmates who alleged that hearing officers were held to a standard expectation that they could dismiss a misconduct ticket or find a prisoner not guilty in not more than 10 percent of the total misconduct hearings. *Id*. The court in *Heit* stated that the Sixth Circuit's opinion in *Perry* did not result in a finding of MDOC wrongdoing. *Id*. at 493. The court explained that:

> [T]he Sixth Circuit did not grant judgment to Mr. Perry, but it merely reversed the defendants' motion to dismiss and remanded the case for trial. . . . Furthermore, the remand does not mean that Mr. Perry will succeed, nor does it mean that the court will find that MDOC practices violate prisoners' rights.

*Id*. Moreover, *Heit* was not a final adjudication since the court was granting plaintiff's motion for approval of the proposed settlement agreement. *Id*. at 488. Neither of these cases resulted in a finding that the MDOC's prisoner disciplinary hearing procedure violated federal due process

guarantees. Thus, the cases do not support Petitioner's habeas claim or establish that he was denied due process in any of his disciplinary hearings.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2011