UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SAMUEL COLEMAN,

        Petitioner,

v.                                                     Case No. 2:09-CV-93

JEFFREY WOODS,                      HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Petitioner, Samuel Coleman, has filed Objections to the Report and Recommendation ("R & R") dated August 2, 2011, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Upon *de novo* review of the R & R, Petitioner's objections, and the pertinent portions of the record, the Court will adopt the R & R.

      Petitioner objects by, in large part, making the same arguments that he made to the Magistrate Judge. He also argues that the R & R misinterprets *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000). Petitioner claims that, in *Perry*, the Sixth Circuit made a determination that prison hearing officers had to meet a quota of finding more than 90-percent of the prisoners guilty. (Dkt. #25 at 5.) The R & R correctly interpreted *Perry* and this Court agrees that the court in *Perry* did not make that determination. Furthermore, contrary to Petitioner's objections, the R & R properly interpreted *Heit v. Van Octen*, 126 F. Supp. 2d 487 (W.D. Mich. 2001) and correctly applied *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Therefore, this Court agrees that Petitioner has not established that he was denied due process.

      Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 2, 2011 (Dkt. #19) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: October 13, 2011                                   /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE